**SALT LAKE INVESTMENT COMPANY, a Utah corporation, Plaintiff and Appellant,**

v.

**WILFORD H. HANSEN STONE QUARRIES, INC., a Utah corporation; Sharron Killion; James T. Jensen; Jerry J. Jensen; Dix Jensen; and all other persons unknown claiming any right, title, estate or interest in or lien upon the real property described in the pleading adverse to the plaintiff's ownership, or clouding its title thereto, Defendants and Appellees.**

No. 950705–CA.

Court of Appeals of Utah.

Oct. 31, 1996.

Robert C. Cummings and Michael D. Cummings, Salt Lake City, for Appellant.

Derek Langton, Salt Lake City, for Appellees Jensen.

Wilford N. Hansen, Jr., Payson, for Corporate Appellee and Appellee Killion.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Salt Lake Investment Company (SLI) challenges the trial court's summary judgment for Wilford H. Hansen Stone Quarries, Inc., Sharron Killion, James T. Jensen, Jerry J. Jensen, and Dix Jensen (collectively, Jensens). We affirm.

## FACTS

During the summer of 1965, SLI's board of directors and shareholders agreed to dissolve SLI. The undisputed documents in the record show SLI then proceeded according to the statutory scheme applicable in 1965. *See* Utah Code Ann. §§ 16–10–79 to—82, –87 to – 88 (1962) (repealed 1992). In October 1965, SLI filed with the secretary of state a statement of intent to dissolve the corporation. *See id.* § 16–10–79 (repealed 1992). SLI received a tax clearance from the state tax commission, which was filed with the secretary of state in December 1965. *See id.*

§ 16–10–80 (repealed 1992). Finally, on December 30, 1965, SLI filed with the secretary of state its articles of dissolution. *See id.* §§ 16–10–87, –88 (repealed 1992).

Almost thirty years later, in October 1994, SLI brought suit against Jensens, seeking to quiet title to three patented mining claims.[1] Jensens moved for summary judgment on the basis that SLI had no standing to sue because it had dissolved and wound up its affairs. The trial court granted summary judgment for Jensens, determining "30 years is far beyond a reasonable time to wind-up the activities of a corporation," under section 16–10–101 of the Utah Code, which allowed a dissolved corporation to "sue and be sued" only "for the purpose of winding up its affairs in respect to any property and assets which have not been distributed or otherwise disposed of prior to ... dissolution," *id.* § 16–10–101 (repealed 1992). SLI attacks the trial court's ruling, arguing it has the right to sue under section 16–10–101 because the quiet title action is part of its winding up process.[2]

## ANALYSIS

Summary judgment is proper only if no genuine issues of material fact exist and the movant is "entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). We view the facts from a perspective favoring the losing party and review the trial court's summary judgment ruling for correctness, according no deference to its conclusions. *Mountain States Tel. & Tel. Co. v. Garfield County,* 811 P.2d 184, 192 (Utah 1991).

SLI has not disputed the accuracy of its articles of dissolution which read in pertinent part:

THIRD: All debts, obligations and liabilities of the corporation have been paid and discharged, or adequate provision has been made therefor.

FOURTH: All remaining property and assets of the corporation have been distributed among its shareholders, in accordance with their respective rights and interests.

FIFTH: There are no suits pending against the corporation in any court in respect of which adequate provision has not been made for the satisfaction of any judgment, order or decree which may be entered against it.

*See* Utah Code Ann. § 16–10–87 (1962) (repealed 1992) (outlining content of articles of dissolution). The articles thus assert that SLI completed a textbook winding-up process.[3] *See* 8 Zolman Cavitch, *Business Organizations* § 189.02, at 189–9 (1992) (outlining wind-up activities); *see also* Model Business Corp. Act Ann. § 14.03 annot. hist. (Supp. 1996) (noting under version of act existing in 1965 corporations "filed articles of dissolution when the winding-up process was completed"). Consequently, under the former statute, having already wound up, SLI is no longer eligible to sue or be sued "for the purpose of winding up its affairs," Utah Code Ann. § 16–10–101 (1962) (repealed 1992).[4]

---

1. Actually, SLI's two former shareholders initiated this suit in SLI's name.

2. SLI also raises the issue of whether it is dissolved, but states in its brief "that dissolution is irrelevant on the issue of its right to sue and be sued." Because SLI's right to sue and be sued is really the sole issue in this case, and SLI has not explained how the question of its dissolution relates to that issue, we do not address the dissolution issue. Our analysis assumes SLI was dissolved on December 30, 1965, as certified by the Utah Division of Corporations and Commercial Code.

SLI further challenges the trial court's denial of its requests for oral argument on the summary judgment motion and for permission to add Evelyn P. Boyce and Lois P. Connell as individual plaintiffs. We have reviewed these issues and conclude they are meritless; thus, we decline to address them. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989).

3. Not until pressed at oral argument did SLI give an explanation for its current conduct, which appears to contradict its articles of dissolution. There, SLI finally offered the excuse that it had merely forgotten about the mining claims at issue here and had not actually distributed them as stated in its articles.

4. SLI worries about the disposition of property in this and similar cases in which a dissolved corporation may remain in an uncertain chain of title, yet has no standing to resolve that issue. However compelling that question may be, it is not before us at this time. Our narrow holding is that, in this case, SLI has no standing to sue to quiet title to the mining claims involved. Other corporations and individuals concerned about

We therefore conclude the trial court correctly ruled that because SLI's winding-up period was over it could no longer sue or be sued. Accordingly, we affirm.

BILLINGS, J., concurs.

GREENWOOD, J., concurs in result only.

the title to the claims here must simply pursue their own remedies, supported by whatever other legal theories may apply.